1   ROD M. FLIEGEL, Bar No. 168289
    NIMA RAHIMI, Bar No.  295173
2   LITTLER MENDELSON, P.C.
    650 California Street, 20th Floor
3   San Francisco, CA  94108.2693
    Telephone:     415.433.1940
4   Facsimile:     415.399.8490

5   KELSEY E. PAPST, Bar No. 270547
    LITTLER MENDELSON, P.C.
6   500 Capitol Mall, Suite 2000
    Sacramento, CA 95814.4737
7   Telephone:     916.830.7211
    Facsimile:     916.561.0828

8

9   Attorneys for Defendants
    CALIFORNIA HEALTH & WELLNESS PLAN
    and CENTENE CORPORATION

10

11                  UNITED STATES DISTRICT COURT

12                  EASTERN DISTRICT OF CALIFORNIA

13

14  CHRISTENE D. ABNEY, SARAH              No.  2:14-cv-02329-MCE-DAD
    ABELLA, JUANITA DENISE JERRETT,
15  and all others similarly situated,
                                           **STIPULATION AND PROTECTIVE**
16               Plaintiff,                 **ORDER**

17  v.

18  CALIFORNIA HEALTH & WELLNESS
    PLAN, a California corporation, and
19  CENTENE CORPORATION, a Delaware
    corporation,
20
                 Defendant.
21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
    650 California Street
        20th Floor
San Francisco, CA  94108.2693
      415.433.1940

STIPULATED     PROTECTIVE     ORDER;                Case No. 2:14-CV-02329-MCE-DAD
[PROPOSED] ORDER

### STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, as well as the protections of a Court Order under FRE 502(d) and (e).  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order, as well as an Order, pursuant to FRE 502, governing the return of inadvertently produced documents and data and affording them the protections of FRE 502(d) and (e), on the terms set forth herein.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

2.1     <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and In-house Counsel (see Section 2.7), as well as their respective support staff.

2.4     <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony,

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED     PROTECTIVE     ORDER;
[PROPOSED] ORDER                                        1.                    Case No. 2:14-CV-02329-MCE-DAD

transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Document: documents, data (including electronically stored information) and other information, including without limitation, metadata.

2.7     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8     In-house Counsel:  Attorneys who are employees of a party to this action.  In-house Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10     Outside Counsel of Record:  Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11     Party:  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12     Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13     Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14     Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15     Protected Document: Any Document, Disclosure, or Discovery Material that may reasonably be subject to a legally recognizable privilege or evidentiary protection.

2.16     Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED     PROTECTIVE     ORDER;
[PROPOSED] ORDER                                3.                          Case No. 2:14-CV-02329-MCE-DAD

1    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

2    to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

3    encumber or retard the case development process or to impose unnecessary expenses and burdens on

4    other parties) expose the Designating Party to sanctions.

5    If it comes to a Designating Party's attention that information or items that it designated for

6    protection do not qualify for protection, the Designating Party must promptly notify all other Parties

7    that it is withdrawing the mistaken designation.

8    5.2    <u>Manner and Timing of Designations</u>.   Except as otherwise provided in this Order

9    (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

10   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

11   designated before the material is disclosed or produced.

12   Designation in conformity with this Order requires:

13   (a)   <u>for information in documentary form</u> (e.g., paper or electronic documents, but

14   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

15   affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion

16   or portions of the material on a page qualifies for protection, the Producing Party also must clearly

17   identify the protected portion(s) (e.g., by making appropriate markings in the margins).

18   A Party or Non-Party that makes original documents or materials available for inspection

19   need not designate them for protection until after the inspecting Party has indicated which material it

20   would like copied and produced. During the inspection and before the designation, all of the material

21   made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

22   identified the documents it wants copied and produced, the Producing Party must determine which

23   documents, or portions thereof, qualify for protection under this Order. Then, before producing the

24   specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page

25   that contains Protected Material. If only a portion or portions of the material on a page qualifies for

26   protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

27   appropriate markings in the margins).

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED    PROTECTIVE    ORDER;          4.          Case No. 2:14-CV-02329-MCE-DAD
[PROPOSED] ORDER

1    (b)  <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the

2    Designating Party identify on the record, before the close of the deposition, hearing, or other

3    proceeding, all protected testimony.  When it is impractical to identify separately each portion of

4    testimony that is entitled to protection, and when it appears that substantial portions of the testimony

5    may qualify for protection, the Party or Non-party that sponsors, offers, or gives the testimony may

6    invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days

7    after the date of mailing of the final transcript to identify in writing the specific portions of the

8    testimony as to which protection is sought.   Only those portions of the testimony that are

9    appropriately designated for protection within the 20 days shall be covered by the provisions of this

10   Stipulated Protective Order.   Transcript pages containing Protected Material shall be separately

11   bound by the court reporter, who shall affix to each such page the legend "CONFIDENTIAL."

12   (c)  <u>for information produced in some form other than documentary and for any other</u>

13   <u>tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or

14   containers in which the information or item is stored the legend "CONFIDENTIAL." If only a

15   portion or portions of the information or item warrant protection, the Producing Party, to the extent

16   practicable, shall identify the protected portion(s).

17   5.3   <u>Inadvertent Failures to Designate</u>.   If timely corrected, an inadvertent failure to

18   designate qualified information or items does not, standing alone, waive the Designating Party's

19   right to secure protection under this Order for such material. Upon timely correction of a

20   designation, the Receiving Party must make reasonable efforts to assure that the material is treated in

21   accordance with the provisions of this Order.

22   **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

23   6.1   <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of

24   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

25   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

26   or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

27   confidentiality designation by electing not to mount a challenge promptly after the original

28   designation is disclosed.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED   PROTECTIVE   ORDER;
[PROPOSED] ORDER                    5.        Case No. 2:14-CV-02329-MCE-DAD

6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   <u>Judicial Intervention</u>.   If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED   PROTECTIVE   ORDER;
[PROPOSED] ORDER                                6.                Case No. 2:14-CV-02329-MCE-DAD

1   unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

2   Unless the Designating Party has waived the confidentiality designation by failing to file a motion to

3   retain confidentiality as described above, all parties shall continue to afford the material in question

4   the level of protection to which it is entitled under the Producing Party's designation until the court

5   rules on the challenge.

6   **7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7          7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

8   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

9   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

10  the categories of persons and under the conditions described in this Order. When the litigation has

11  been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

12  DISPOSITION).   CONFIDENTIAL information shall not be used or disclosed for any purpose

13  whatsoever except the conduct of this litigation, and then only once appropriate protections have

14  been put in place.

15         Protected Material must be stored and maintained by a Receiving Party at a location and in a

16  secure manner that ensures that access is limited to the persons authorized under this Order.

17         7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by

18  the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

19  information or item designated "CONFIDENTIAL" only to:

20             (a)   the Receiving Party's Outside Counsel of Record in this action, as well as

21  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

22  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

23  Bound" that is attached hereto as Exhibit A;

24             (b)   the officers, directors, and employees (including In-house Counsel) of the

25  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

26  the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED     PROTECTIVE     ORDER;          7.          Case No. 2:14-CV-02329-MCE-DAD
[PROPOSED] ORDER

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Copies, Extracts, or Summaries of information designated "CONFIDENTIAL."  No person shall make copies, extracts or summaries of information designated "CONFIDENTIAL" except under the supervision of counsel when, in the judgment of counsel, such copies or other papers are necessary for the conduct of this litigation.  Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying confidential status.  Counsel and all persons to whom CONFIDENTIAL information is disclosed shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of such material.

7.4    Hearings. In the event that any CONFIDENTIAL information is used in any public hearing in this action, the information shall not lose its confidential and privileged status through such use, and counsel shall take all steps reasonably required to protect the confidentiality of such information.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED    PROTECTIVE    ORDER;
[PROPOSED] ORDER                                   8.                    Case No. 2:14-CV-02329-MCE-DAD

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED      PROTECTIVE      ORDER;          9.          Case No. 2:14-CV-02329-MCE-DAD
[PROPOSED] ORDER

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED     PROTECTIVE     ORDER;
[PROPOSED] ORDER                                  10.                    Case No. 2:14-CV-02329-MCE-DAD

**11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

WHEREAS, the Parties have agreed to stipulate to protect certain privileged and otherwise protected Documents against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a Parties' discovery request or informal production.

WHEREAS, both Parties may be required to produce large volumes of Documents.  The parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other Federal and State proceedings, and in addition to their agreement, need the additional protections of a Court Order under FRE 502(d) and (e) to do so.

WHEREAS, in order to comply with applicable discovery deadlines, a Party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review . This Stipulation and Order is designed to foreclose any arguments that by making any Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

> (a)   was not inadvertent by the Producing Party;
>
> (b)   that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;
>
> (c)   that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or
>
> (d)   that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

WHEREAS, because the purpose of this Stipulation is to protect and preserve privileged Documents, the parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED     PROTECTIVE     ORDER;
[PROPOSED] ORDER                          11.                Case No. 2:14-CV-02329-MCE-DAD

IT IS HEREBY STIPULATED AND AGREED THAT:

1)   Pursuant to FRE 502(d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a)   The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

(b)   The inadvertent disclosure or production of any Document this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c)   If, during the course of this litigation, a party determines that a Protected Document has produced by another party:

(i)   the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure;  (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED    PROTECTIVE    ORDER;          12.          Case No. 2:14-CV-02329-MCE-DAD
[PROPOSED] ORDER

1    Documents cannot be destroyed or separated, they shall not be

2    reviewed, disclosed, or otherwise used by the Receiving Party.

3    Notwithstanding, the Receiving Party is under no obligation to search

4    or review the Producing Party's Documents to identify potentially

5    privileged or work product Protected Documents.

6    (ii)    If the Producing Party intends to assert a claim of privilege or other

7    protection over Documents identified by the Receiving Party as

8    Protected Documents, the Producing Party will, within ten (10) days of

9    receiving the Receiving Party's written notification described above,

10    inform the Receiving Party of such intention in writing and shall

11    provide the Receiving Party with a log for such Protected Documents

12    that is consistent with the requirements of the Federal Rules of Civil

13    Procedure, setting forth the basis for the claim of privilege or other

14    protection.  In the event that any portion of a Protected Document does

15    not contain privileged or protected information, the Producing Party

16    shall also provide to the Receiving Party a redacted copy of the

17    document that omits the information that the Producing Party believes

18    is subject to a claim of privilege or other protection.

19    (d)    If, during the course of this litigation, a party determines it has produced a

20    Protected Document:

21    (i)    the Producing Party may notify the Receiving Party of such

22    inadvertent production in writing, and demand the return of such

23    documents.  Such notice shall be in writing, however, it may be

24    delivered orally on the record at a deposition, promptly followed up in

25    writing.  The Producing Party's written notice will identify the

26    Protected Document inadvertently produced by bates number range or

27    hash value, the privilege or protection claimed, and the basis for the

28    assertion of the privilege and shall provide the Receiving Party with a

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED    PROTECTIVE    ORDER;    13.    Case No. 2:14-CV-02329-MCE-DAD
[PROPOSED] ORDER

1       log for such Protected Documents that is consistent with the

2       requirements of the Federal Rules of Civil Procedure, setting forth the

3       basis for the claim of privilege or other protection.  In the event that

4       any portion of the Protected Document does not contain privileged or

5       protected information, the Producing Party shall also provide to the

6       Receiving Party a redacted copy of the Document that omits the

7       information that the Producing Party believes is subject to a claim of

8       privilege or other protection.

9       (ii)     The Receiving Party must, within ten (10) days of receiving the

10       Producing Party's written notification described above, return,

11       sequester, or destroy the Protected Document and any copies, along

12       with any notes, abstracts or compilations of the content thereof.  To the

13       extent that a Protected Document has been loaded into a litigation

14       review database under the control of the Receiving Party, the

15       Receiving Party shall have all electronic copies of the Protected

16       Document extracted from the database.

17    (e)    To the extent that the information contained in a Protected Document has

18       already been used in or described in other documents generated or maintained

19       by the Receiving Party prior to the date of receipt of written notice by the

20       Producing Party as set forth in paragraphs (c)(ii) and d(i), then the Receiving

21       Party shall sequester such Documents until the claim has been resolved.  If the

22       Receiving Party disclosed the Protected Document before being notified of its

23       inadvertent production, it must take reasonable steps to retrieve it.

24    (f)    The Receiving Party's return, sequestering or destruction of Protected

25       Documents as provided herein will not act as a waiver of the Requesting

26       Party's right to move for the production of the returned, sequestered or

27       destroyed Documents on the grounds that the Documents are not, in fact,

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED    PROTECTIVE    ORDER;
[PROPOSED] ORDER    14.    Case No. 2:14-CV-02329-MCE-DAD

subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that:

 (i) the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

 (ii) the disclosure of the Protected Documents was not inadvertent;

 (iii) the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

 (iv) the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(g) Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection.  The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

(h) Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order.  The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

(i) Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER  15.  Case No. 2:14-CV-02329-MCE-DAD

(j)     By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

**12.    MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is entitled to protection under applicable law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 141 unless otherwise instructed by the court.

12.4    Once executed by all parties, this Stipulation shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

**13.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED     PROTECTIVE     ORDER;
[PROPOSED] ORDER                             16.                    Case No. 2:14-CV-02329-MCE-DAD

1    certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

2    by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

3    that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

4    abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

5    Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

6    pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

7    correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

8    and expert work product, even if such materials contain Protected Material. Any such archival copies

9    that contain or constitute Protected Material remain subject to this Protective Order as set forth in

10    Section 4 (DURATION).

11      If Protected Material has been loaded into any litigation review database, the attorney for the

12    Party using such database shall have the responsibility of ensuring that all such Protected Material

13    (including all associated images and native files), are extracted from such databases (including any

14    associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all

15    databases, applications and/or file systems in a manner such that they are not readily accessible

16    without the use of specialized tools or techniques typically used by a forensic expert.

17      The Parties, Counsel, and Experts or consultants for a Party shall not be required to return or

18    to destroy any Protected Material to the extent such information is (i) stored on media that is

19    generally considered not reasonably accessible, such as disaster recovery backup tapes, or (ii) only

20    retrievable through the use of specialized tools or techniques typically used by a forensic expert;

21    provided that to the extent any Protected Material is not returned or destroyed due to the foregoing

22    reasons, such Protected Material shall remain subject to the confidentiality obligations of this

23    Stipulation and Order.

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER;
[PROPOSED] ORDER      17.      Case No. 2:14-CV-02329-MCE-DAD

1    **IT IS SO STIPULATED.**

2    Dated: January 23, 2015                ANDERSON, OGILVIE & BREWER, LLP

3

4                                           By: */s/ Mark E. Anderson,* (as authorized on 01/23/15)
                                               MARK E. ANDERSON
5                                              Attorney for Plaintiffs
                                               CHRISTENE D. ABNEY, SARAH ABELLA and
6                                              JUANITA DENISE JERRETT

7

8    Dated: January 23, 2015                LITTLER MENDELSON, P.C.

9

10                                          By: */s/ Rod M. Fliegel*
                                               ROD M. FLIEGEL
11                                             NIMA RAHIMI
                                               KELSEY E. PAPST
12                                             Attorneys for Defendants
                                               CALIFORNIA HEALTH & WELLNESS PLAN
13                                             and CENTENE CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED     PROTECTIVE     ORDER;        18.        Case No. 2:14-CV-02329-MCE-DAD
[PROPOSED] ORDER

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *Christine D. Abney, et al. v. California Health & Wellness Plan and Centene Corporation* , Case Number 2:14-CV-02329-MCE-DAD.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED          PROTECTIVE          ORDER;
[PROPOSED] ORDER          19.          Case No. 2:14-CV-02329-MCE-DAD

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated:  January 28, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil
abney2329.stip.prot.ord.docx

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED        PROTECTIVE        ORDER;
[PROPOSED] ORDER                           20.                           Case No. 2:14-CV-02329-MCE-DAD